UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gabriel J. OLIVAS, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                              Defendants. | Case No.: 15-cv-2882-H-AGS<br><br>**REPORT AND RECOMMENDATION ON MOTION TO APPROVE MINOR'S SETTLEMENT**<br>**(ECF No. 72)** |

In the world of litigation, settlement offers must be weighed against the likelihood of victory to determine if they are fair. Comparatively small settlements, even in the face of significant injuries, may be fair when recovery appears unlikely and far off. The guardian *ad litem* for minor plaintiff P.B. seeks an order approving a proposed settlement of P.B.'s claims arising from an accident. This Court recommends granting the request because the settlement serves the minor's best interests, as it covers nearly all of her current and expected out-of-pocket costs and any trial recovery is highly speculative.

## BACKGROUND

While descending a mountain road in California, a commercial bus operated by Scapadas Magicas LLC crashed when its brakes failed. P.B., then six years old, was a passenger with her mother and father. As a result, P.B. was hospitalized for three days with serious injuries, including damage to her back, right hand, and legs. P.B.'s medical expenses from the accident were about $36,000, and her future medical care is expected to

1

cost around $6,600, totaling approximately $42,600. (ECF No. 72, at 2.) P.B. was one of the more fortunate victims. Her mother lost her leg, 40 others were injured, and 8 were killed. Plaintiffs alleged that living through the disaster caused P.B. emotional distress, anxiety, nightmares, and other psychological injuries. (*Id.*)

But Scapadas Magicas was under-insured and had insufficient assets to compensate all injured parties. Before this suit, Scapadas's insurance company paid out the $5,000,000 policy maximum, which was allocated between all the plaintiffs, including $21,364 to P.B. This litigation against the United States followed on the theory that federal employees negligently inspected the bus, and therefore did not identify the bus's brake issues.

Without assigning liability or fault, the parties have reached a settlement. Under the settlement agreement, P.B. will receive $41,616.85—$60,000 minus $15,000 in attorneys' fees and $3,383.15 in costs. (ECF No. 72, at 4.) The funds are to be deposited into a blocked Bank of America account.

**DISCUSSION**

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted); *see also* Civ. LR 17.1 ("All settlements and compromises must be reviewed by a magistrate before any order of approval will issue."). The Court is required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

The Court has reviewed the complaint, the parties' briefing, and the settlement documents. In addition, the Court presided over several discovery-related matters and was

privy to discussions at a settlement conference. From this, the Court has become intimately familiar with this case's facts and legal issues. With that experience in mind, the Court concludes that the proposed settlement is fair and reasonable.

Plaintiffs sued the United States under the Federal Tort Claims Acts on a gratuitous-undertaking theory. Plaintiffs alleged that the Federal Motor Carrier Safety Administration undertook to certify the safety of the bus by performing general compliance inspections and issuing a Commercial Vehicle Safety Alliance decal to the bus. (Compl., ECF No. 1, at 9.) But the FMCSA was allegedly negligent in inspecting the bus and issuing a decal, which caused plaintiffs injury because they relied on the decal in choosing to ride the bus on the assumption that it was fit and safe. (*Id.*) It is undisputed that the federal government did not own or operate the bus and that no federal vehicles or employees were involved in the crash. The United States argued it bore no legal responsibility for plaintiffs' losses, and in any event, that Scapadas's negligence was a superseding cause. Indeed, the driver pled no contest to eight counts of vehicular manslaughter with gross negligence.

On these facts, plaintiffs' likelihood of continuing beyond summary judgment is unlikely. At summary judgment, plaintiffs would have to overcome the discretionary function exception. *See, e.g.*, *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Arilines)*, 467 U.S. 797 (1984) (discretionary function exception precluded plaintiffs from seeking damages arising from a plane crashed alleged to result from the Federal Aviation Administration's negligent inspection and certification of the aircraft); *GATX/Airlog Co. v. United States*, 286 F.3d 1168 (9th Cir. 2002) (discretionary function exception barred recovery for damages resulting from Federal Aviation Administration's issuance of a safety certificate showing aircraft met relevant engineering requirements). Even if plaintiffs' claims got past summary judgment, whether they would be able to prove such an attenuated theory of negligence is suspect. And while this is a tragic and sympathetic case, what award the jury might render is speculative.

Indeed, the Court can't find a single case where plaintiffs successfully recovered against the United States on a theory of negligent inspection or gratuitous undertaking.

3

Rather, in such cases "liability has been more often denied than found." 2A Stuart M. Speiser et al., *Am. L of Torts* § 9:15. *See, e.g.*, *Bollinger v. United States*, 275 F. App'x 645 (9th Cir. 2008) (dismissing action brought against Federal Aviation Administration alleging negligent inspection even though general airworthiness inspections were mandated and inspector failed to detect defect); *Howell v. United States*, 932 F.2d 915 (11th Cir. 1991) (United States was not liable on a theory of gratuitous undertaking when Federal Aviation Administration failed to ground and inspect a plane that had been seen leaking contaminated fuel two days before it crashed); *Patenas v. Unites States*, 687 F.2d 707 (3d Cir. 1982) (denying plaintiffs' claim for damages against the United States on theory that Coast Guard negligently inspected vessel).

Given the risk inherent in this litigation and the cost to bring it to trial, the settlement serves P.B.'s interests because, in spite of this, she will recover approximately all of her out-of-pocket costs for her past and future medical care. This is in addition to the $21,364 already recovered in the prior settlement. Although this amount is not large in proportion to the injuries and emotional damage P.B. allegedly suffered, recovery is sufficiently unlikely in this case to make this settlement in P.B.'s best interests.

Thus, this Court recommends that:

1. The motion to approve the settlement be **GRANTED**.
2. The compromise and settlement of P.B.'s claims be **APPROVED** as fair and reasonable and in the best interest of the minor plaintiff.
3. The settlement of $60,000 to P.B. be disbursed as follows: The sum of $18,383.15 must be disbursed to Frantz Law Group, APLC, to cover $15,000 in attorneys' fees and $3,383.15 in costs. The guardian ad litem must place the remaining $41,616.85 in a blocked account at Bank of America, 4319 Camino De La Plaza, San Yasidro, CA 92173, from which no person may make a withdrawal without further Court order until P.B. reaches the age of 18. A copy of this order must also be provided to the depository at the time of the deposit.

Any objections to this report and recommendation are due by May 22, 2018.

Dated: May 8, 2018

Hon. Andrew G. Schopler
United States Magistrate Judge